**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROMAR MONTGOMERY,**

       **Petitioner,**           **CASE NO. 2:10-CV-626**
                                     **JUDGE FROST**
**v.**                           **Magistrate Judge E.A. Preston Deavers**

**ROB JEFFREYS, WARDEN,**

       **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant petition, Respondent's motion to dismiss, Petitioner's traverse, Respondent's reply, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner challenges his convictions after a jury trial in the Montgomery County Court of Common Pleas on three counts of trafficking in crack cocaine and complicity to commit trafficking in crack cocaine.  *See State v. Montgomery*, No. 2007 CA 95, 2008 WL 4965196 (Ohio App. 5th Dist. Nov. 20, 2008).  In an entry filed on July 12, 2007, the trial court sentenced Petitioner to an aggregate term of twenty-five years incarceration.  *Exhibit 5 to Motion to Dismiss*.  On November 20, 2008, the Ohio Fifth District Court of Appeals affirmed Petitioner's convictions.  Petitioner did not file an appeal to the Ohio Supreme Court.

On February 26, 2009, Petitioner filed a request for extension of time to file an application

to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *Exhibit 11 to Motion to Dismiss*. On

March 19, 2009, he filed the Rule 26(B) application. *Exhibit 12 to Motion to Dismiss*. On April 17,

2009, the appellate court denied Petitioner's motion for extension of time to file his Rule 26(B)

application as untimely:

> Appellant's motion for extension of time was filed after the ninety-
> day deadline. Appellant has requested an extension of the ninety day
> deadline, arguing, apparently, he had no money in his prison account
> to pay for copying costs associated with the filing of the application.
> We find this bare statement alone is insufficient to establish good
> cause. Appellant does not support his motion with any details
> regarding his inmate account balance or efforts he made to file a
> timely application.

*Exhibit 15 to Motion to Dismiss*. Petitioner thereafter filed a "Request to Accept Appellate Rule

26(B) Application," an application for reconsideration, and an "Amended Good Cause Showing"

in the state appellate court. *Exhibits 16, 17, 18 to Motion to Dismiss*. On May 26, 2009, the

appellate court denied Petitioner's motions because he had failed to demonstrate good cause for the

late filing of his Rule 26(B) application. After the court of appeals denied his motion for extension

of time:

> Appellant then filed his late motion to reopen on March 19, 2009. On
> March 23, 2009, he also filed an "Amended Reasoning Affidavit
> pursuant to 26B for Clarification Purposes". Subsequently, on April
> 22, 2009, he filed a *pro se* request to accept his App.R. 26(B)
> Application.
>
> We now dispose of all of these motions in their entirety. . . .
>
> Appellant has failed to demonstrate a colorable claim of ineffective
> assistance of appellate counsel and moreover has failed to
> demonstrate good cause for late filing.
>
> Accordingly, Appellant's motion is denied.

*Exhibit 19 to Motion to Dismiss*. Petitioner did not file an appeal to the Ohio Supreme Court.

2

On November 17, 2009, Petitioner filed a petition for post conviction relief.  *Exhibit 29 to Motion to Dismiss*.  On December 17, 2009, the trial court dismissed Petitioner's post conviction petition as untimely, holding that "[t]he Motion for Summary Judgment filed by the State of Ohio is granted for the reason the Petition to Vacate or Set Aside Sentence was not timely filed. Therefore, the Petition to Vacate or Set Aside Sentence is DISMISSED."  *Exhibit 22 to Motion to Dismiss*.  Petitioner did not file an appeal.

On July 27, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

1.  Ineffective assistance of appellate counsel in violation of the 6th and 14th Amendment to the U.S. Constitution.

2.  State impeded exhaustion by not following service rules, a due process violation.

3.  The Fifth District Court of Appeals denied Petitioner's due process, due to erroneous finding of fact.

It is the position of the Respondent that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

3

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final upon the expiration of the time for seeking direct review of his conviction and sentence under 28 U.S.C. §2244(d)(1)(A).  As noted above, Petitioner failed to perfect a timely appeal to the Ohio Supreme Court from the appellate court's November 20, 2008 decision on direct review. Pursuant to Rule II, §2(A), of the Rules of Practice of the Supreme Court of Ohio, Petitioner was required to seek further appellate review within forty-five (45) days, but failed to do so.  As such, his conviction became final upon the expiration of the time for seeking direct review, on January 4, 2009, forty-five days after the November 20, 2008, appellate court's decision. Absent any tolling, the time period under the AEDPA expired 1 year later, on January 4,

4

2010.  *See* Ohio Supreme Court Rule of Practice II, Section 2(A)(1); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001).

Petitioner indicates that he signed his habeas corpus petition on May 25, 2010 but "had to re-mail" his habeas corpus petition on June 7, 2010.  *See Petition*, at 15.  The record in this case reveals that the Court received the Petition on July 12, 2010.  Even construing May 25, 2010 as the date Petitioner filed this action, his habeas corpus petition still is untimely because he filed it almost five months after the statute of limitations had already expired.  Neither Petitioner's Rule 26(B) filings nor his petition for post conviction relief tolled the running of the statute of limitations because both these untimely filings were not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).  *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)(collateral actions denied as untimely are not properly filed within the meaning of § 2244(d)(2).)

Petitioner nonetheless contends that equitable tolling of the statute of limitations is appropriate.  Alternatively, Petitioner asserts that his habeas corpus petition is timely under 28 U.S.C. § 2244(d)(1)(B) because he was prevented from filing a timely Rule 26(B) application due to the State's failure to provide him with glasses.  Petitioner also maintains that he did not learn about the appellate court's May 26, 2009 decision denying his Rule 26(B) application until July 15, 2009 because the Clerk improperly sent notice to his former attorney.  In support of these allegations, Petitioner has attached, *inter alia*, a document which appears to indicate Petitioner obtained contact lenses on April 9, 2009 (*Exhibit A to Traverse*); a July 16, 2009 letter from Petitioner to the Clerk of the Licking County Court of Common Pleas, indicating that he had not received notice of the appellate court's May 26, 2009 denial of his Rule 26(B) application (*Exhibit B to Petition*); a copy of the docket in his case (*Exhibit B to Petition*); documents indicating that on

5

July 23, 2009, Petitioner filed a Petition for a Writ of Mandamus in the Ohio Supreme Court requesting that the Clerk be ordered to provide him with a copy of the appellate court's May 26, 2009 denial of his Rule 26(B) application, which petition the Ohio Supreme Court denied on September 30, 2009 (*Exhibit C to Petition*); a cashier's statement from the prison where Petitioner was housed indicating that, between December 1, 2008 and May 13, 2009, Petitioner had $130.00 credited to his account, and $219.74 in total expenditures (*id.*); an October 26, 2009, letter from Attorney Christopher Shook to Petitioner advising Petitioner his representation of Petitioner concluded in November 2008, when the state appellate court denied Petitioner's direct appeal (*Exhibit D to Petition*); a "Legal Mail Log" indicating that between May 1, 2009 and October 21, 2009, Petitioner received legal mail on July 15, 2009 and July 30, 2009 (*Exhibit E to Petition*);[1] a document from prison officials indicating that "effective immediately all cash withdrawal slips must be proceed prior to services being rendered.  All postage. . . must be submitted to the cashier's office prior to the service. . . . If there are not sufficient funds, the service will not take place. . . . The only exception is for postage for indigent inmates." (*Exhibit I to Petition*).

The record fails to support Petitioner's argument either that the State prevented him from filing a timely habeas corpus petition such that this action is timely under 28 U.S.C. § 2244(d)(1)(B) or that equitable tolling of the statute of limitations is appropriate.

To invoke the limitations provision set forth in § 2244(d)(1)(B), a petitioner must establish that "(1) he was prevented from filing a federal habeas petition, (2) by State action, (3) in violation

---

[1]  As noted by Respondent, this document appears to have been altered.  Respondent attached a copy of the same document, *(Exhibit 26 to Motion to Dismiss)*, which reflects that the prison received legal mail for Petitioner on May 29, 2009, which Petitioner obtained on June 1, 2009.

of the Constitution or federal law." *Neff v. Brunsman,* No. 1:06-cv-135, 2007 WL 912122, 7 (S.D. Ohio March 23, 2007) (quoting *Evans v. Lazaroff,* No. 2:06-cv-188, 2006 WL 3759697, at *5 (S.D. Ohio Dec. 19, 2006)).   Petitioner must establish a causal connection between the allegedly unconstitutional state action and the fact that he was prevented from filing the petition.   *Id.*   For example, § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating his counsel was ineffective in perfecting or pursuing an appeal requested by him and such ineffectiveness actually prevented him from filing a timely habeas petition. *See, e.g., Waldron v. Jackson*, 348 F.Supp.2d 877, 882-86 (N.D. Ohio 2004); *Woods v. Jackson*, No. 1:00-cv-803, 2006 WL 746293, at *5-7 (S.D. Ohio Mar. 22, 2006).   On the other hand, courts have refused to find a state-created impediment based on limited access to the prison law library, *see Maclin v. Robinson,* 74 Fed. Appx. 587, unpublished, 2003 WL 22089274 (6th Cir. Sept. 8, 2003) (holding that permission to access the library only 1.5 hours per week did not constitute state-created impediment to access to the courts); *Horton v. Warden*, No. 2:07-cv-525, 2008 WL 687136, at *3 (S.D. Ohio March 11, 2008)(same).   Additionally, this Court has previously concluded that a prisoner's lack of income and the refusal of prison officials to mail legal documents without sufficient funds in prisoner's account to cover mailing costs did not constitute a state-created impediment.  *Moody v. Warden, Southern Ohio Correctional Facility*, 2009 WL 1322571, at 1 (S.D. Ohio May 11, 2009). Petitioner has failed to demonstrate that he was prevented from timely filing his habeas petition on account of a state-created impediment in violation of the constitution.

Moreover, the record does not contain evidence of a casual connection between Petitioner's failure to file a timely petition and the state action.  Specifically, the record fails to indicate that the State's failure to provide Petitioner with glasses prevented him from accessing the courts.  Petitioner

contends that he is legally blind and, as such, he had been unable to access the courts or read until he obtained contact lenses on April 9, 2009.  The record is without support for this allegation.  To the contrary, it appears that Petitioner engaged in correspondence with his attorneys and the trial judge and succeeded in filing several *pro se* motions relating to his Rule 26(B) application prior to that time.  Further, by his own account, Petitioner waited more than seven months after the state appellate court dismissed his untimely post conviction petition to sign this habeas corpus petition.

For these same reasons, the record fails to reflect that equitable tolling of the statute of limitations is appropriate.  "[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling."  *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  Equitable tolling should be used sparingly.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted).  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Id*. at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).  However, "[w]e have generally been much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

*Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003).  In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

8

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* at 643(citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988).

Petitioner cannot seriously assert that he had no knowledge, and the Court finds it patently unreasonable to conclude that he had no knowledge of the statute of limitations in habeas corpus cases, as the law has been in effect since 1996. Further, lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir. 1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999).

Additionally, the record fails to reflect Petitioner acted diligently in pursuing his claims. He waited approximately  one year after the appellate court denied his untimely Rule 26(B) application and five months after the state trial court denied his untimely post conviction petition to execute the instant§ 2254 petition.   Finally, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling.  *Dunlap,* 250 F.3d at 1009;

*Andrews,* 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)).  Prejudice or the absence thereof is considered only when other factors of the test are met, which, in this case, were not. *Id.*

 **WHEREUPON** the Magistrate Judge **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## PROCEDURE ON OBJECTIONS

 If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

 The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

 The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability

should issue.

       **IT IS SO ORDERED**.

                              *s/ Elizabeth A. Preston Deavers*
                              **ELIZABETH A. PRESTON DEAVERS**
                              **UNITED STATES MAGISTRATE JUDGE**

Date:  July 5, 2011

11