**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROMAR MONTGOMERY,**

      **Petitioner,**                  **CASE NO. 2:10-CV-626**
                                      **JUDGE GREGORY L. FROST**
**v.**                                   **Magistrate Judge E.A. Preston Deavers**

**ROB JEFFREYS, WARDEN,**

      **Respondent.**

**OPINION AND ORDER**

On July 6, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's motion to dismiss be granted and that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections are **OVERRULED**. The Report and Recommendation is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as untimely. He again raises all of the arguments he previously presented. Specifically, Petitioner contends that his habeas corpus petition is timely under 28 U.S.C. § 2244(d)(1)(B), because the Clerk of the Licking County Court of Common Pleas failed to timely provide him with a copy of the state appellate court's May 26, 2009 decision denying his Rule 26(B) application. Petitioner contends that the statute of limitations did not begin to run until December 10, 2009, the date he received a copy of the judgment entry denying his Rule 26(B) application, or until January 11, 2010, the date that he filed a delayed appeal to the Ohio Supreme Court. *See*

*Objections*.

These arguments are not persuasive. As discussed by the Magistrate Judge, Petitioner's judgment of conviction became final on January 4, 2009. The statute of limitations expired one year later, on January 4, 2010. Petitioner failed to initiate this habeas corpus proceeding by filing a petition until July 12, 2010. Moreover, the record fails to indicate that equitable tolling of the statute of limitations is appropriate. Petitioner's February 26, 2009 request for extension of time to file an untimely application to reopen his appeal under Ohio's Rule 26(B), and November 17, 2009 petition for post conviction relief failed to toll the running of the statute of limitations under 28 U.S.C. 2244(d)(2), as the state appellate court denied both as untimely. *Pace v. DiGuglielmo,* 544 U.S. 408 (2005).

The record reflects that the Clerk of the Licking County Court of Common Pleas timely mailed Petitioner a copy of the appellate court's April 17, 2009, judgment entry denying his motion for extension of time to file a Rule 26(B) application. *See Exhibit 26 to Return of Writ*. Although Petitioner's "Legal Mail Log" reflects that Petitioner received mail from the Clerk on June 1, 2009, and shortly after the appellate court denied his repeated motions for the filing of an untimely Rule 26(B) application, *see Exhibit 24 to Return of Writ*, Petitioner denies that he learned of the appellate court's May 26, 2009 decision until July 15, 2009. He complains that he was unable to obtain a copy of the judgment entry until December 10, 2009. Regardless, however, of whether Petitioner did not obtain a copy of the appellate court's May 26, 2009 judgment entry denying his repeated motion for permission to file an untimely Rule 26(B) application, nothing in the record indicates that State action unconstitutionally prevented Petitioner from filing a timely habeas corpus petition.

Petitioner refers to *Fernbach v. Mack*, 3:10-cv-040, 2010 WL 3075130, at *12 (S.D. Ohio

Aug. 3, 2010), in support of his argument to the contrary.  *Fernback v. Mack*, however, does not assist him, as this case involved whether a petitioner could establish cause for his procedural default in failing to file a timely appeal of his Rule 26(B) application.  The case does not relate to the timeliness of a habeas corpus petition under 28 U.S.C. § 2244(d)(1)(B).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and AFFIRMED.  This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

    **IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge